# In the United States Court of Federal Claims

No. 21-2187 C
(Filed: March 23, 2022)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * * *  *
                                      *
QUORDALIS V. SANDERS,                 *
                                      *
                    Plaintiff,        *
                                      *
        v.                            *
                                      *
THE UNITED STATES,                    *
                                      *
                    Defendant.        *
                                      *
* * * * * * * * * * * * * * * * * *  *
```

## MEMORANDUM OPINION

On November 15, 2021, *pro se* Plaintiff, Quordalis V. Sanders, filed a complaint in this Court alleging, *inter alia*, various due process violations by Wisconsin state officials related to his criminal conviction and continued imprisonment. *See* ECF No. 1.[1] Plaintiff did not pay the mandatory $402 filing fee with his complaint. Instead, Plaintiff moved to proceed *in forma pauperis* ("IFP").

On December 1, 2021, the Court denied Plaintiff's IFP motion pursuant to 28 U.S.C. § 1915(g) and ordered Plaintiff to pay the filing fee "because Plaintiff has previously filed at least three complaints that were dismissed as frivolous, malicious, or for failure to state a claim, and because Plaintiff's instant complaint fails to demonstrate that he is under imminent threat of serious physical injury . . . ." ECF No. 6; *see also Quordalis Sanders v. T. Moon, et al.*, No. 21-CV-94-WMC, 2021 WL 4476789, at *1 (W.D. Wis. Sept. 30, 2021) ("Court records confirm that, while imprisoned, Sanders has filed at least three previous civil actions that were dismissed as frivolous or for failure to state a claim."). Additionally, the Court informed Plaintiff if he did not pay the filing fee by January 3, 2022, his complaint would be dismissed pursuant to Rule 41(b) of the Rules of the United States Court of Federal Claims ("RCFC"). The Court also noted that "[o]n the face of the pleadings, this Court is unlikely to provide the relief Plaintiff seeks because it almost certainly lacks subject matter jurisdiction to adjudicate" the matters described therein. ECF No. 6.

---

[1] Many of Plaintiff's filings in this case, including his complaint, were filed in such a manner so as to be barely legible. The Court nonetheless believes it has accurately construed Plaintiff's claims.

Having not received the required filing fee by January 3, 2022, the Court on January 6, 2022, dismissed Plaintiff's complaint pursuant to RCFC 41(b).  Apparently, on the very same day, the Clerk's office received from Plaintiff a notice of appeal, motion for a stay pending appeal, and a motion to be permitted to proceed IFP during appeal.  On January 14, 2022, the Clerk's office docketed the notice of appeal; the motions to stay and to proceed IFP on appeal were not entered on ECF.  Because only the notice of appeal was docketed (which the undersigned assumed was intended to be post-judgment and not interlocutory given its January 14th docketing), the undersigned was not aware of the of the other two motions until Plaintiff filed a motion for reconsideration on January 21, 2022.[2]

With this brief procedural background, the Court now turns to Plaintiff's motion for reconsideration.  It appears that what Plaintiff seeks in his motion is for the Court to reconsider its "denial" of his motions to stay proceedings in this Court pending an interlocutory appeal to the Federal Circuit and to proceed IFP on appeal.  The Court had not received these motions at the time it dismissed Plaintiff's complaint and thus did not rule on them; however, it has now received Plaintiff's motions and will explain why it would not have granted them even had it received them prior to dismissing Plaintiff's complaint.

"It is well established that an injunction pending appeal is an 'extraordinary' remedy." *Cleveland Assets, LLC v. United States*, 133 Fed. Cl. 108, 111 (2017) (citing cases).  The party moving for the injunction bears the burden of establishing the grounds therefor, which are based on the Court's consideration of: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).  A court's weighing of these four factors is flexible, and "[e]ach factor . . . need not be given equal weight." *Standard Havens Prods., Inc. v. Gencor Indus., Inc*., 897 F.2d 511, 512 (Fed. Cir. 1990).  Accordingly, "[i]n considering whether to grant a stay pending appeal, [the] court assesses movant's chances for success on appeal and weighs the equities as they affect the parties and the public." *E.I. DuPont de Nemours & Co. v. Phillips Petroleum*, 835 F.2d 277, 278 (Fed. Cir. 1987).  As another judge of this Court has observed:

> The court's flexible consideration of the four factors may allow for an injunction pending appeal when the movant "'establishes that it has a strong likelihood of success on appeal, or where, failing that, it can nonetheless demonstrate a *substantial* case on the merits,' *provided* the other factors militate in movant's favor." *Id*. [*Standard Havens Prods., Inc. v. Gencor Indus., Inc*., 897 F.2d 511,] at 513 [(Fed. Cir. 1990)] (quoting *Hilton*, 481 U.S. at 778 (emphasis added)). Put another way, a plaintiff is entitled to an injunction where it has a "substantial case on the merits" and where "the balance of hardships tips *decidedly* toward plaintiff." *Id*. (citing *Hamilton Watch Co. v. Benrus Watch Co*., 206 F.2d 738, 740 (2d Cir.1953); *Charlie's Girls, Inc. v. Revlon, Inc*., 483 F.2d 953, 954 (2d Cir.1973)) (emphasis added).

---

[2] The Court hereby **DIRECTS** the Clerk to file on the ECF docket for this case, Plaintiff's 20-page filing stamped as received on January 6, 2022, including the "notice of motion and motion for preliminary injunction pending appeal + decision" and "motion to proceed in forma pauperis on appeal."

*Akima Intra-Data, LLC v. United States*, 120 Fed. Cl. 25, 28 (2015).

Plaintiff has failed to demonstrate a substantial case on the merits, much less provide that any of the other injunction factors weigh in his favor. Whether likelihood of success on the merits is judged by success of overturning this Court's denial of his IFP application or proving his underlying claim, it is unlikely that Plaintiff's claims would be successful. First, as to the appeal of the IFP denial, the Court simply applied the law to the facts. Section 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The district court plainly determined that Plaintiff, while incarcerated, has filed "at least three previous civil actions that were dismissed as frivolous or for failure to state a claim." *Quordalis Sanders v. T. Moon, et al.*, No. 21-CV-94-WMC, 2021 WL 4476789, at *1 (W.D. Wis. Sept. 30, 2021). Accordingly, Plaintiff is not permitted to claim IFP status in a civil action in a federal court.

Furthermore, Plaintiff is not "substantially" likely to demonstrate that 28 U.S.C. 1915(g) does not apply to him unless he is able to demonstrate that either: (1) the three or more previous actions were not in fact frivolous, malicious, or failed to state a claim; or (2) he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). Plaintiff, however, in neither his motion for reconsideration nor his motion for an injunction pending appeal, made an argument regarding his three previous claims or why he is under imminent danger of serious physical injury.[3] Without any argument whatsoever on these points, Plaintiff does not even begin to meet his burden of proof for this extraordinary remedy.

Moreover, even if the Court were to take the merits of his underlying claim as the claim upon which Plaintiff must show a substantial likelihood of success, Plaintiff nonetheless fails to

---

[3] Plaintiff vaguely states in passing that he falls under the exception in 28 U.S.C. § 1915(g); however, he does not state any facts in support thereof. Indeed, Plaintiff's allusion to the exception in § 1915(g) is so vague that the Court cannot be certain that he is even claiming imminent danger. Moreover, the exception that Plaintiff alludes to only "'allows a three-strikes litigant to proceed [in forma pauperis] . . . when there exists an adequate nexus between the claims he seeks to pursue and the imminent danger he alleges,' and 'requires that the prisoner's complaint seek to redress an imminent danger of serious physical injury and that this danger must be fairly traceable to a violation of law alleged in the complaint.'" *Fourstar v. United States*, 950 F.3d 856, 859 (Fed. Cir. 2020) (quoting *Pettus v. Morgenthau*, 554 F.3d 293, 296, 297 (2d Cir. 2009)). Because the Court does not have jurisdiction to redress any unspecified danger that Plaintiff may allegedly face at the Wisconsin state correctional facility in which he is imprisoned, a suit brought in this Court would not appear to fit within the imminent danger exception to 28 U.S.C. 1915(g), even if Plaintiff asserted sufficient facts to support it.

meet his burden.  It appears Plaintiff is essentially trying to bring either a habeas action or a claim for money damages resulting from an unjust conviction pursuant to 28 U.S.C. § 1495.  The law is clear that this Court does not possess habeas jurisdiction.  *Ledford v. United States*, 297 F.3d 1378, 1381 (Fed. Cir. 2002) ("[T]he habeas statute does not list the Court of Federal Claims among those courts empowered to grant a writ of habeas corpus . . . ."); *see also Rolle v. United States*, 752 F. App'x 1005, 1007 (Fed. Cir. 2018) (The Court of Federal Claims "may not grant writs of habeas corpus.").  In addition, while this Court does have jurisdiction over unjust conviction claims, Plaintiff's claim, to the extent that it even is an unjust conviction claim, relates to a state criminal conviction.  The unjust conviction statute only applies to a "person unjustly convicted of *an offense against the United States*" and, for that reason alone, to the extent Plaintiff is stating an unjust conviction claim, the Court would be without jurisdiction to address it.  *See* 28 U.S.C. § 1495 (emphasis added).  Accordingly, Plaintiff would not likely succeed on the merits of either a habeas claim or an unjust conviction claim, as the Court would lack jurisdiction over either claim.

   Furthermore, not only has Plaintiff failed to demonstrate a substantial case on the merits, none of the other additional factors of the injunctive relief test weigh in his favor.  Denial of a stay does not irreparably injure Plaintiff.  With or without an injunction, Plaintiff may immediately appeal his case to the Federal Circuit and, if it determines that this Court's denial of his application to proceed IFP was incorrect, the case will come back to this Court for further proceedings.  In addition, the injury to the United States and the public interest prongs would both appear to weigh against Plaintiff.  The United States would be injured by having to spend its time and resources defending against an IFP claim that Congress, through 28 U.S.C. § 1915(g), disqualified Plaintiff from bringing in the first place.  And the public interest, as encapsulated in the will of Congress in enacting 28 U.S.C. § 1915(g) to cut off repetitive IFP prisoner litigation, also weighs against Plaintiff.  Therefore, the Court would not have granted Plaintiff injunctive relief had it received Plaintiff's motion to stay before dismissing his complaint.

   In addition, as with Plaintiff's motion for a stay pending appeal, the Court did not originally consider Plaintiff's motion to proceed IFP on appeal, as the Court was unaware of the motion before dismissing Plaintiff's complaint.  However, even had the Court been aware of the motion, it would not have granted it.  Just as 28 U.S.C. § 1915(g) applies to Plaintiff's IFP motion in this Court, it applies to IFP status on appeal as well.  28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action or *appeal a judgment in a civil action or proceeding* under this section . . . .") (emphasis added).  Accordingly, Plaintiff is no more entitled to proceed IFP before the Federal Circuit than he was in this Court.

   Therefore, for the foregoing reasons, the Court hereby **DENIES** Plaintiff's Motion for Reconsideration (ECF No. 11).

**IT IS SO ORDERED.**

                   s/ Zachary N. Somers
                   ZACHARY N. SOMERS
                   Judge